UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       Plaintiff,

v.                  16-CV-0157V(Sr)

$62,950 UNITED STATES CURRENCY,

       Defendant.

---

## DECISION AND ORDER

    This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #11.

    Plaintiff commenced this action *in rem* for the forfeiture of $62,950 United States currency pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of money traceable to exchanges of controlled substances. Dkt. #1. The currency was seized pursuant to a New York search warrant for the residence of claimant Sean Lista on August 15, 2015. Dkt. #1. On October 14, 2015, the Hon. H. Kenneth Schroeder, Jr. issued a federal seizure warrant for the currency. Dkt. #1.

    Claimant provided the government with discovery, including documentation, interrogatory responses and a deposition supporting his claim that the currency was income derived from his role as CEO of Rotech Holdings, LTD. Dkt. #13, ¶¶ 6-7. Claimant affirms that he "freely disclosed sources of income and provided bank

statements and income tax returns demonstrating over $1.1 million in legitimate gross earnings between 2012 and 2014." Dkt. #17, ¶ 4.

Upon review of this information, the plaintiff determined that Rotech Holdings, LTD has an "F" rating on the website of the Better Business Bureau of Upstate New York and several states, including Washington, Ohio and Michigan have initiated lawsuits alleging violation of the Fair Debt Collection Practices Act. Dkt. #13, ¶ 8. The Ohio litigation was resolved with a consent judgment against Rotech Holdings, LTD and claimant, *inter alia*, which permanently enjoins them from collecting debts in Ohio and directs them to pay a fine and damages. Dkt. #13, ¶ 8(c). On January 12, 2017, claimant was deposed and answered questions without objection relating to his involvement with, debt collection practices of, and civil litigation against Rotech Holdings, LTD. Dkt. #13, ¶ 9.

On January 27, 2017, plaintiff moved to amend the complaint to add a second cause of action seeking forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), of currency obtained by telemarketing fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343. Dkt. #13.

Claimant argues that granting leave to amend "would countenance government seizure of funds and/or currency, even without probable cause, and permit them to use the forfeiture proceeding as a fishing expedition to justify the seizure in the first instance. Dkt. #18, ¶ 9.

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading with the opposing party's written consent or the court's leave, which is to be given freely when justice so requires. Leave to amend should be granted unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). Mere delay, absent a showing of bad faith or undue prejudice, does not justify denial of leave to amend. *Agerbrink v. Model Service LLC*, 155 F. Supp.3d 448, 452 (S.D.N.Y. 2016).

To assess undue prejudice, the court evaluates whether the amendment would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Id.* at 454, *quoting Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir.), *cert. denied*, 531 U.S. 1035 (2000). That an amendment will necessitate additional, expanded discovery on a claim unrelated to the claims in original complaint is insufficient reason to deny leave to amend. *Id.* at 454-55 (collecting cases). In contrast, prejudice will be found "if the opposing party would experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant." *Id.* at 455 (internal quotation omitted). The non-moving party bears the burden of demonstrating that substantial prejudice would result if the proposed amendment were granted. *Agerbrink*, 155 F. Supp.3d at 454.

Claimant has not met his burden of demonstrating that substantial prejudice would result if the proposed amendment were granted. The motion to amend was filed within a month of the deposition establishing the basis for the additional claim of forfeiture, and arose from the government's investigation of claimant's defense to the original claim of forfeiture. The government is permitted to use evidence gathered after the filing of a complaint for forfeiture to establish that property is subject to forfeiture. 18 U.S.C. § 983(c)(2). Moreover, the amendment of forfeiture complaints to assert alternate theories of forfeiture is permissible. *See United States v. Item 1: A 1990 Jeep Cherokee*, 147 Fed. Appx. 775, 778 (10th Cir. 2005) (affirming amendment of forfeiture complaint asserting forfeiture pursuant to 21 U.S.C. § 881(a)(6) to permit additional claim pursuant to 18 U.S.C. § 981(a)(1)(B)), *cert. denied*, 546 U.S. 1197 (2006); *United States v. United States Currency in the Amount of One Hundred Forty-Six Thousand, Eight Hundred Dollars*, No. 96-CV-4882, 1997 WL 269583 (E.D.N.Y. Apr. 28, 1997) (opining that it would be inappropriate to restrict the government to its original theory of forfeiture unless some other doctrine like waiver or estoppel precluded the assertion of an alternate basis for recovery). Claimant has not challenged probable cause for the initial seizure of the currency nor is he challenging probable cause for the additional basis for forfeiture. Accordingly, the motion to amend the complaint (Dkt. #13), is granted.

**SO ORDERED.**

DATED: Buffalo, New York
January 19, 2018

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**